### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**BRENDAN CAMERON, et al.,**

     **Plaintiffs,**

**v.**                                  **Case No: 5:23-cv-305-JSM-PRL**

**STANDARD ROOFING SOLUTIONS
LLC, et al.,**

     **Defendants.**

_____

### ORDER

This matter is before the Court on Defendants' motion to compel discovery responses from Plaintiffs James Piatt, Melissa Piatt, and Melissa Piatt as NPG of B.C. (Doc. 43). On March 28, 2024, Defendants Standard Roofing Solutions LLC, Abraham Canela, and Ricardo Mendoza served on Plaintiffs discovery requests, including interrogatories, requests for admissions, and requests for production. To date, Plaintiffs have not responded to the discovery requests.[1] Moreover, Plaintiffs have not filed any response to the instant motion, and their time for doing so has expired. Accordingly, the Court will treat this motion as unopposed, and assume that Plaintiffs have no objection. *See* Local Rule 3.01(b)&(c).

Upon due consideration, and in the absence of any objection, Defendants' motion (Doc. 43) is **GRANTED**. Plaintiffs James Piatt, Melissa Piatt, and Melissa Piatt as NPG of

---

[1] The requests for admission are not at issue here as Defendants filed a separate motion to deem the requests admitted. (Doc. 42). The court granted that motion as unopposed on May 28, 2024. (Doc. 44).

B.C. shall serve full and complete responses to the Defendants' discovery requests on or before **June 25, 2024.**

As for Defendants' request for sanctions, the Court finds that an award is mandated by Rule 37(a)(4)(A). Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide responsive answers to discovery requests, the Court is required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of those exceptions are presented here. Indeed, before filing this motion, counsel for Defendants corresponded with Plaintiffs' counsel in efforts to obtain the discovery. Further, because Plaintiffs have not even filed a response to the instant motion, the Court assumes that they tacitly concede that the motion is due to be granted and that Plaintiffs do not have a substantial issue to raise in response. For these reasons, Defendants are entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motion.

Accordingly, Plaintiffs are hereby ordered to pay to Defendants the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the instant motion. Defendants shall submit within **ten (10) days** of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the motion to compel. To the extent that Plaintiffs object to the amount of expenses and fees claimed by Defendants, Plaintiffs shall file a response within **ten (10) days** of service of Defendants' affidavit. Upon

receipt of Defendants' affidavit and any objections by Plaintiffs, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on June 13, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties